UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOSEPH F. KENNEDY,

                Plaintiff,

-against-

UNITED STATES OF AMERICA;
COUNTRY OF RUSSIA; COUNTRY OF
ENGLAND,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-657 (CBA)

AMON, Chief United States District Judge:

Plaintiff Joseph F. Kennedy filed this *pro se* action on February 1, 2013. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. The complaint is dismissed for the reasons stated below.

## BACKGROUND

Plaintiff has again filed a nonsensical, frivolous complaint.[1] Plaintiff states, *inter alia*, that he is filing the instant complaint because he

> got a bribe from three defendants, only one same bribe. The bribe is former President George W. Bush daughter Barbara George Bush. Plaintiff did not except the bribe, meaning had no sex with her, she is still kosher (virgin). . . . According to CNN News, Adam Lanza got no bullet in his head, according to the secret coded information from Russian news "Vremya." . . . It is a felony crime to outrage President of: U.S., Russia or Queen of England. Plaintiff states that children's of Presidents were born artificially from plaintiff's stolen sperm.

Compl. at 1.

---

[1] Plaintiff has filed four other nonsensical complaints in this court that were all dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Kennedy v. USA, 13-CV-287 (CBA) (dismissed January 23, 2013); Kennedy v. USA, 12-CV-5105 (CBA) (dismissed January 2, 2013); Kennedy v. Country of Israel, 05-CV-4436 (CBA) (dismissed October 25, 2005); Kennedy v. Country of Venezuela, 05-CV-3539 (CBA) (dismissed August 1, 2005).

## STANDARD OF REVIEW

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Nonetheless, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Supreme Court has recognized that the term frivolous embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A Court may dismiss an *in forma pauperis* claim as factually frivolous if the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33. Here again, plaintiff's pleadings are irrational and incredible. As was the case in his previous filings, plaintiff's allegations—even under the very liberal reading we accord *pro se* pleadings (and even if plaintiff himself believes them to be true)—can only be

2

described as delusional and fantastic. See id. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this frivolous action is dismissed.

## CONCLUSION

Accordingly, the action is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff is once again strongly cautioned that the further filing of non-meritorious complaints requesting *in forma pauperis* status may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so. 28 U.S.C. §1651. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
Feb 28 2013